IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JEROME D. MOORE and REGINA MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> CHEX SYSTEMS, INC., and EQUIFAX, INC., <br><br> Defendants. | Civil Action No. 3:09–CV–198 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Equifax's Motion to Dismiss (Doc. No. 40). For the reasons stated below, the Court will GRANT the motion and dismiss the case against Equifax without prejudice.

**I.    BACKGROUND**

*Pro se* Plaintiffs Jerome and Regina Moore have filed this action under the Fair Credit Reporting Act against Chex Systems, Inc. (Chex), Experian, First Data Corporation, and Equifax, alleging that they "prepared and distribute[d] inaccurate and misleading information" in the Plaintiffs' consumer credit reports. (Am. Compl. 3). The Plaintiffs state that they contacted the Defendants to dispute the information but the Defendants refused to investigate the accounts, in violation of 15 U.S.C. § 1681(i). They also allege that the Defendants refused to block information that resulted from identity theft, in violation of 15 U.S.C. § 1681c(2), and failed to maintain the accuracy of the Plaintiffs' credit reports, in violation of 15 U.S.C. § 1681e. The Plaintiffs seek damages in excess of $6,000,000.

1

The Plaintiffs filed their first complaint in April 2009 against Chex, Experian, and First Data Corporation.

In November 2010, the Plaintiffs filed an Amended Complaint, and the Court granted their motion to add Equifax as a defendant. (Doc. No. 31). Equifax now requests that the Court dismiss the action against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. **LEGAL STANDARD**

Rule 12 allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these is the defense that the pleadings fail to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93.

The pleadings need not be supported by evidence but must "state a claim to relief *that is plausible on its face.*" *Id.* at 193 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S.Ct. at 1949. If the complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should have the opportunity to prove that claim.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pled allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). *See also Iqbal*, 129 S. Ct. at 1950. While a court must typically construe the pleadings of a *pro se* plaintiff liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a court considering a motion to dismiss must still evaluate the *pro se* plaintiff's pleadings according to the standards developed under Rule 12. With these principles in mind, a court must ultimately ascertain whether a plaintiff has stated a plausible, not merely speculative, claim for relief.

### III.     DISCUSSION

On its face, the Plaintiffs' Amended Complaint is inadequate. It does not provide any information on the specific account information the Plaintiffs allege to be inaccurate, dates of the reports that they contend are incorrect, their efforts to correct those problems, or what Equifax—rather than "the Defendants"—did to violate the FCRA. Instead, the Amended Complaint merely states legal conclusions about the alleged violations "the Defendants" committed. The Plaintiffs provide no factual allegations upon which the Court could grant relief.

Even if the Court were to go beyond the pleadings to consider the additional details provided in the Plaintiffs' response, the Plaintiffs have not stated a plausible claim. They

simply list the dates that they provided dispute letters and identity theft reports to Equifax. They fail to provide any specifics on the underlying disputes or allege any facts showing what Equifax did or did not do to violate FCRA.

## IV. CONCLUSION

Because the Plaintiffs have failed to state a claim upon which this Court can grant relief, the Court GRANTS Defendant Equifax's motion and dismisses the action against Equifax without prejudice.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this ___27th___ day of April 2011.